IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>SARA ELAINE BAILEY,<br><br>        Defendant. | 8:17CR61<br><br>ORDER |

The government has filed a Motion to Quash Defendant's subpoena duces tecum. ([Filing No. 29](#).) Defendant has not responded to the government's motion.

Defendant's subpoena duces tecum requests that Trooper Rob Pelster produce "[a]ny and all written traffic citations, including any and all written traffic warnings, created and issued by [him] for the period of: the past six months, to any and all individuals for the moving violation of Following Too Closely." ([Filing No. 28](#).) Defendant requests that Trooper Pelster bring the responsive documents to the hearing scheduled on Defendant's pending motion to suppress. The government argues that the subpoena should be quashed because it seeks documents which are not relevant to the traffic stop at issue in this case.

The Eighth Circuit Court of Appeals has held on numerous occasions that any traffic violation, regardless of its perceived severity, provides an officer with probable cause to stop a driver. *[United States v. Jones,](#)* 275 F.3d 673 (8th Cir. 2001). In *Jones*, the Eighth Circuit stated that courts are not to consider the motive for a stop as long as the reason for the stop is valid. *[Id](#)*. The Eighth Circuit has found that as long as an officer is doing nothing more than he is legally permitted and objectively authorized to do, his actual state of mind is irrelevant for purposes of determining the lawfulness of the stop. *[United States v. Alcantar](#)*, 271 F.3d 731 (8th Cir. 2001). Therefore, if at the hearing on the motion to suppress the evidence shows that Defendant committed a traffic violation, the records Defendant seeks are not relevant to the issues in this action.

For the reasons explained above, the government's Motion to Quash will be granted. However, Defendant may re-new his request for the information if the evidence adduced at the hearing indicates that the information would, in fact, be relevant.

**IT IS ORDERED** that the government's Motion to Quash ([Filing No. 29](#)) is granted.

Dated this 19th day of May, 2017.

BY THE COURT:

s/ Susan M. Bazis  
United States Magistrate Judge
